NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| DELORES CORREIA, | : | |
| Plaintiff, | : | Civ. No. 06-2949 (GEB) |
| v. | : | |
| CHOICE POINT, INC., | : | **MEMORANDUM OPINION** |
| Defendant. | : | |

**BROWN, Chief District Judge**

This matter comes before the Court upon the motion of Plaintiff Delores Correia[1] (hereinafter the "Plaintiff") for extension of time to file an appeal of this Court's order dated July 7, 2008 [Docket # 20]. The Court has considered Plaintiff's submissions and decided this motion without oral argument pursuant to Federal Rule of Civil Procedure 78. For the reasons that follow, the Court must deny Plaintiff's motion.

**I.     BACKGROUND**

On June 29, 2006, Plaintiff filed a complaint that alleged Defendant Choice Point, Inc. (hereinafter "Defendant") terminated Plaintiff's employment in violation of federal and state law. (Compl.) [Docket #1] On January 4, 2008, Defendant filed a motion to dismiss Plaintiff's complaint pursuant to FED. R. CIV. P. 12(b)(5) for insufficiency of service of process [Docket # 12]. The Court granted Defendant's motion and dismissed Plaintiff's complaint in an order dated July 7, 2008 [Docket # 20]. On September 10, 2008, Plaintiff filed the instant motion for

---

[1]     Plaintiff Delores Correia has pursued this action *pro se* since its inception.

extension of time to file an appeal of the Court's July 7, 2008 order.  (Pl.'s Mot.) [Docket # 21] Plaintiff argues that she did not receive notice of the Court's July 7, 2008 order in time to file a timely appeal.  (*Id.*)

## II.     DISCUSSION

Federal Rule of Appellate Procedure 4(a) controls the Court's analysis.  Generally, a notice of appeal "must be filed with the district clerk within 30 days after the judgment or order appealed from is entered."  FED. R. APP. P. 4(a)(1)(A).  Where, as here, the order appealed from is one dismissing a complaint pursuant to FED. R. CIV. P. 12(b)(5), the judgment is "entered" when, "the judgment or order is entered in the civil docket . . . and when the earlier of these events occurs: - the judgment or order is set forth on a separate document, or - 150 days have run from entry of the judgment or order in the civil docket."  FED. R. APP. P. 4(a)(7)(A)(ii).  Motions for extension of time to file an appeal are governed by FED. R. APP. P. 4(a)(5) which states, in pertinent part:

> (B) A motion filed before the expiration of the time prescribed in Rule 4(a)(1) or (3) may be ex parte unless the court requires otherwise.  *If the motion is filed after the expiration of the prescribed time, notice must be given to the other parties in accordance with the local rules.*  (emphasis added)

FED. R. APP. P. 4(a)(5)(B).

Plaintiff's motion must be denied because the submissions indicate that she did not provide the required notice to her adversary.  The Court's order dismissing Plaintiff's complaint was a separate, written document dated July 7, 2008, that was entered on the civil docket on July 10, 2008 [Docket # 20].  As such, the Court's judgment was "entered" on July 10, 2008 for purposes of FED. R. APP. P. 4(a)(7)(A)(ii). The "prescribed time" for Plaintiff to file a timely

appeal was 30 days after July 10, 2008, the date upon which the Court entered judgment. FED. R. APP. P. 4(a)(1)(A). Plaintiff, however, filed the instant motion on September 10, 2008 [Docket # 21], 60 days after the Court entered judgment. Therefore, Plaintiff's motion was "filed after the expiration of the prescribed time" contemplated by FED. R. APP. P. 4(a)(5)(B). As such, FED. R. APP. P. 4(a)(5)(B) demands that Plaintiff give notice to "the other parties in accordance with the local rules." In the District of New Jersey, Local Civil Rule 7.1(b)(1) requires that, "Unless a Judge or Magistrate Judge advises the attorneys otherwise, all motions, regardless of their complexity and the relief sought, shall be presented and defended in the manner set forth in [L. CIV. R. 7.1]." L. CIV. R. 7.1(d) sets forth that:

> (d) Filing Motion Papers
>
> (1) No application will be heard unless the moving papers and a brief, prepared in accordance with L. CIV. R. 7.2, *and proof or acknowledgment of service on all other parties*, are filed with e the Clerk at least 24 days prior to the noticed motion date. (emphasis added)

L. CIV. R. 7.1(d). Thus, in the District of New Jersey, the moving party must provide "proof or acknowledgment of service on all other parties" before a court will hear a motion. (*Id.*) Plaintiff has provided no such "proof or acknowledgment of service on all other parties" with regard to the instant motion. Tellingly, there is no response to her motion from Defendant, either opposing or not opposing this motion. There is no indication whatsoever this Defendant is even aware of it. Despite the heightened leniency extended to *pro se* litigants, the Court cannot overlook Plaintiff's failure to accord with the notice demands of both FED. R. APP. P. 4(a)(5)(B) and L. CIV. R. 7.1(d). The Plaintiff's motion for extension of time to file an appeal will be denied because Plaintiff failed to provide the required notice to her adversary.

### III. CONCLUSION

For the foregoing reasons, Plaintiff's motion for extension of time to file an appeal will be denied. An appropriate form of order accompanies this memorandum opinion.

Dated: November 18, 2008

/s/ Garrett E. Brown, Jr
GARRETT E. BROWN, JR., U.S.D.J.
